Cite as: 595 U. S. \_\_\_\_ (2021)          1

# SUPREME COURT OF THE UNITED STATES

## MICKEY THOMAS *v.* DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 20–7480.   Decided October 4, 2021

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial of certiorari.

A jury convicted petitioner Mickey Thomas of capital murder and sentenced him to death. After pursuing relief in state court, Thomas filed a timely federal habeas petition. Thomas argued, in part, that he received ineffective assistance of counsel because his trial counsel failed to investigate and present mitigating evidence during the penalty phase of his trial. The District Court agreed. Yet without giving Thomas an opportunity to respond, the Court of Appeals reversed on the basis of a procedural-default argument that the State never raised on appeal.

I do not dissent from the denial of certiorari because Thomas' claim does not satisfy this Court's traditional criteria for granting certiorari. See this Court's Rule 10. As Judge Colloton rightly observed in his dissent from denial of rehearing en banc, however, the Court of Appeals' decision to reverse based on an argument that the State failed to make on appeal, and that Thomas never had the opportunity to address, deprived Thomas of "fair notice that the issue was 'in play.'" 977 F. 3d 697 (CA8 2020); see *Day* v. *McDonough*, 547 U. S. 198, 210 (2006) ("Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"). This lack of notice left Thomas without a meaningful opportunity to dispute the grounds on which the court reversed

the District Court's decision to grant him habeas relief.

Where, as here, a State declines to argue procedural default on appeal, a court of appeals should at a minimum afford a capital petitioner the opportunity to respond and be heard before adopting an argument on the State's behalf. The denial of certiorari should not be understood to endorse the Court of Appeals' failure to do so here.